UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SEAN POTTER

                                         Plaintiff,

                       -against-

CITY OF NEW YORK, POLICE OFFICER NADEGE
ROSEMBERT #11890, SERGEANT ADAM DONOFRIO
#4672, JOHN DOE OFFICERS #1-2,

                                Defendants.

---------------------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

**14CV8439**

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2.    The claim arises from a June 17, 2013 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5.      The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

PARTIES

8.      Plaintiff resided at all times here relevant in New York County, City and State of New York.

9.      The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.     Defendant police officers were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants and employees of the City of New York. On information and belief, at all times relevant hereto, defendant officers were involved in the decision to arrest plaintiff without probable cause or failed

to intervene in the actions of their fellow officers when they observed them arresting plaintiff without probable cause.  On information and belief, at all times relevant hereto, defendant officers were under the command of the Patrol Bureau Manhattan North and are sued in their individual capacity.

11.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

<u>NOTICE OF CLAIM</u>

12.    Within 90 days of the events giving rise to these claims, plaintiff filed written notice of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

<u>FACTUAL ALLEGATIONS</u>

13.    On June 17, 2013, Mr. Potter was working at a small deli/grocery store on the corner of 141st and Lenox Ave, New York, NY.  He was working a 6PM to 6AM shift fulfilling client deli orders, running the register and stocking the store.

14.    At approximately 12:50AM, police officers, including the defendant officers, entered the deli to arrest a customer in the store.  Mr. Potter remained behind the counter watching the arrest happen.  Wanting to capture on camera the violent arrest, Mr. Potter reached for another employee's phone.

15.    The defendant officer saw Mr. Potter hold up the phone and told him he was under arrest.  At no time did Mr. Potter interfere with the arrest or act disorderly.

16.    Without cause, Mr. Potter was placed under arrest and transferred to a police car

outside.   He was taken to the precinct and eventually to central booking.   After approximately 24 hours in custody, Mr. Potter was released without bail.   At his criminal court arraignment, he learned he was being charged with Obstructing Governmental Administration and Disorderly Conduct.

17.   After several court appearances, all charges were dismissed and sealed by the New York County District Attorney.

18.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.   They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

DAMAGES

20.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.   Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.   Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.      Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.      Physical pain and suffering;

f.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g.      Loss of liberty;

h.      Loss of income.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

21.   The above paragraphs are here incorporated by reference.

22.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, malicious prosecution and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

23.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### Malicious Prosecution

24.   The above paragraphs are here incorporated by reference.

25.   Defendants initiated a criminal proceeding against plaintiff.

26.   The proceeding was terminated in plaintiff's favor.

27.   There was no probable cause for the initiation or continuation of the proceeding.

28.   Defendants acted with malice.

29.    Plaintiff has been damaged as a result of defendants' wrongful acts.

THIRD CAUSE OF ACTION
Municipal Liability 42 U.S.C. §1983

30.    The above paragraphs are here incorporated by reference.

31.    The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

32.    The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

33.    The aforesaid event was not an isolated incident.  The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers.  Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

34.    For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen

complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

35.  The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

36.  Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that

civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

37.    The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

38.    Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.


DATED:

        Brooklyn, New York
        October 20, 2014

                                        Respectfully yours,

TO:

City of New York                         By: Nicole Bellina, Esq.
Office of Corporation Counsel            Stoll, Glickman & Bellina, LLP
100 Church Street                        Attorneys for Plaintiff
New York, NY  10007                      475 Atlantic Ave. Fl.3
                                         Brooklyn, NY  11217
Police Officer Nadege Rosembett          (718) 852-3710 x103
Warrant Section
300 Gold St.
Brooklyn, NY 11201

Sergeant Adam Donofrio
233 W10th St.
New York, NY 10014